IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PATRICIA McGOWN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM INSKEEP; MARK KOZUBAL; SUSTAINABLE BIOPRODUCTS LLC; SUSTAINABLE BIOPRODUCTS HOLDINGS COMPANY LLC; SUSTAINABLE BIOPRODUCTS INC.; and DOES 1-5,<br><br>　　　　　　　Defendants. | CV-20-20-BU-BMM<br><br>Order |

Plaintiff Patricia McGown (Plaintiff) filed a Complaint against Defendants William Inskeep, Mark Kozubal, Sustainable Bioproducts LLC, Sustainable Bioproducts Holdings Company LLC, Sustainable Bioproducts Inc., and John Does 1-5. Doc. 7. Plaintiff filed an Amended Complaint. Doc. 36. Defendants Kozubal, Sustainable Bioproducts LLC, Sustainable Bioproducts Holdings Company LLC, Sustainable Bioproducts, Inc (Moving Defendants) filed a Motion to Dismiss, under Fed. R. Civ. Pro. 12(b)(6). Doc. 10. This Court held a hearing on August 17, 2020. Doc. 42.

1

## Background

Plaintiff and Defendant Inskeep married in 1984 and divorced in 2010. Doc. 36 at 2. During this time period, Defendant Inskeep owned an interest in Sustainable Bioproducts, LLC (SBLLC). *Id*. at 2−3. Plaintiff and Defendant Inskeep entered into a settlement agreement (the settlement agreement) as part of their divorce. The settlement agreement states, in part:

> 4(i). **Business Interest**: Bill owns an interest in Sustainable Bioproducts LLC (Kuzubal's Intellectual Property). ***Patty shall be awarded ten percent (10%) of Bill's interest in that LLC and share in ten percent (10%) of all of Bill's profits, distributions, salary, assets, and any other compensation of any kind Bill may receive from Sustainable Bioproducts LLC.*** Patty shall not be required to contribute capital to Sustainable Bioproducts LLC. Bill shall authorize Sustainable Bioproducts LLC's members to provide full and complete access to any information requested by Patty. ***The parties agree that they shall consult with counsel and complete such documentation as is appropriate to have Patty's interest in Sustainable Bioproducts LLC and Bill's compensation as outlined above*** validated and transferred to her in appropriate form.

Doc. 12-1 at 5 (emphasis added).

Plaintiff and Defendant Inskeep subsequently entered into the Agreement for Division of Business Interest (the business agreement), which states in part:

> 3.   **Agreement to Divide Business Interest.** Inskeep acknowledges that he owns an equity interest in the LLC presently equal to twenty nine percent (29%) of all of the issued and outstanding LLC membership interests. ***The parties agree to implement Paragraph 4.i.***

> *of the Settlement Agreement and accomplish a division of that portion of the marital property comprised of the Inskeep LLC interest as further described in this Section 3. Inskeep covenants and agrees to pay to McGown, as her share of the business interest, an amount equal to ten percent (10%) of all income, distributions, and other benefits that Inskeep receives or derives, directly or indirectly, from the LLC or are accrued for his benefit,* including but not limited to member draws, salaries, guaranteed payments, other present or deferred compensation, interim or liquidating distributions, options, and equity compensation. The amounts owing to McGown will be calculated based on post-tax amounts received by Inskeep. Inskeep's obligations under this Section 3 will not be affected by any increase or decrease in his percentage LLC interest after the Effective Date; provided, however, that Inskeep will be permitted to deduct ten percent (10%) of the amount of any capital contributions Inskeep may make to the LLC after the Effective Date from the amounts owed to McGown under this Section [sic] 2. Further, Inskeep will not be required to pay McGown any portion of the amounts Inskeep receives for repayment of loans, research grants received, if any, made by or to Inskeep to the LLC after the Effective Date. However, to the extent a research grant is provided to the LLC and utilized for compensation to Inskeep, he agrees to pay 10% of after-tax compensation to McGown.

Doc. 12-2 at 2 (emphasis added).

Defendant Kozubal signed a member consent agreement, which states in full:

> William Inskeep and the undersigned, Mark A. Kozubal, are all of the members of Sustainable Biproducts Limited Liability Company, a Montana limited liability company. The undersigned hereby consents, individually and on behalf of the LLC, to the encumbrance of Inskeep's LLC interest as set forth in the foregoing Agreement. The undersigned further consents to disclosure of the financial records and tax returns of the LLC, from time to time as provided in the Agreement, for the purposes stated therein.

*Id*. at 7.

In December 2010, the Montana Secretary of State dissolved SBLLC, allowing SBLLC to wind up its affairs. Doc. 36 at 14. A similarly named company, Sustainable Bioproducts LLC (SBL), formed soon afterwards. *Id*. Defendants Inskeep and Kozubal transferred their equity in SBL to Sustainable Bioproducts Holding Company LLC (SBH). *Id*. SBH subsequently became Sustainable Bioproducts Inc., now called the Fynder Group Inc. (Fynder). *Id*. at 15.

Plaintiff alleges that she learned through a Montana State University press release that Fynder had received $33 million in investments. *Id*. at 10. Plaintiff argues the defendants' failure to inform her of these investments or provide her with notice and an opportunity to object constitute a breach of the settlement agreement and the business agreement. *Id*. at 10.

Moving Defendants filed a motion to dismiss on July 10, 2020. Doc. 10. Plaintiff filed an amended complaint on August 16, 2020. Doc. 36.

## ANALYSIS

**I.   This Court has discretion to decide Moving Defendants' Motion to Dismiss.**

Moving Defendants' motion to dismiss attacks the Complaint. The law of the Ninth Circuit generally would consider Plaintiff's Complaint as extinct and Moving Defendant's motion to dismiss as moot. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). This Court possesses vast

discretion, however, in the pretrial phase of litigation and in controlling its docket to "promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Such discretion allows this Court, in the pursuit of judicial efficiency, to construe Moving Defendant's motion to dismiss the Complaint as a motion to dismiss the Amended Complaint. *See, e.g.*, *Martin v. Weed, Inc*, 2018 WL 2431837, at 1 n.1 (D. Ariz. May 30, 2018). The revisions in the Amended Complaint do not affect the arguments briefed. To require an entirely new motion and full briefing would cause only needless delay. *Id*. Consequently, this Court has the discretion to construe Moving Defendants' motion to dismiss as applying to the Amended Complaint and rule accordingly.

## II.     Rule 12 (b)(6) Legal Standard.

When a party challenges a claim under Rule 12(b)(6), this Court presumes as true all well-pleaded allegations, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Barker v. Riverside Co. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). This Court will grant a Rule 12(b)(6) motion only if, after viewing the allegations in this manner, this Court finds that the allegations "lack . . . a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *In re Tracht Gut*, LLC, 836 F.3d 1146, 1151 (9th Cir. 2016).

### III.     Plaintiff's Claims Against Moving Defendants.

Of the twelve claims that Plaintiff alleges in the Amended Complaint, only Counts 3, 4, 5, 8, 9, and 12 seek to recover against Moving Defendants, and, therefore, qualify as the subject of this Rule 12 (b)(6) motion.  *See*, Doc. 36.

#### a.     Count 3−Aiding and Abetting Breach of Contractual Duty.

Plaintiff alleges that Moving Defendants aided and abetted Defendant Inskeep in breaching the contractual duties that he owed to Plaintiff.  Doc. 36 at 20−21.  Plaintiff alleges that "aiding and abetting a breach of contract occurs when a defendant knowingly participates in breaches and the plaintiff suffers damages from the concerted action between defendants who own contractual and fiduciary duties and those who do not."  *Id*. at 20−21.

Plaintiff alleges (1) that Defendant Inskeep owed contractual duties to Plaintiff related to the transfer of Defendant Inskeep's interest in SBLLC to Plaintiff in the settlement agreement and business agreement; (2) that Defendant Inskeep breached those duties by, among other things, failing to disclose information related to investment infusions and other financial decisions that affected Plaintiff's interest; (3) that Moving Defendants knowingly participated in those breaches; and (4) that Plaintiff suffered harm as a result of a concerted effort between Defendant Inskeep and Moving Defendants.  *Id*. at 17−18.

For purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of aiding and abetting breach of contractual duty and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiff adequately has pleaded Count 3, and the Court denies Moving Defendants' motion to dismiss as it relates to Count 3.

    **b.**    **Count 4−Violation of Member Rights.**

Moving Defendants assert that the business agreement transfers no membership interest in SBLLC to Plaintiff. As a result, Moving Defendants suggest that Plaintiff possesses no membership rights. Doc. 11 at 15−16. Moving Defendants contend that Count 4 fails as a matter of law because Moving Defendants could not have violated membership rights that Plaintiff does not possess. *Id*.

The business agreement lacks the clarity claimed by the Moving Defendants. Montana has codified principles of contract interpretation. Montana law requires "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction . . . to be taken together." Mont. Code. Ann. § 38-3-202. This Court must consider together the settlement agreement and the business agreement. *Id*.

Plaintiff alleges that the business agreement conveyed to Plaintiff, as contemplated by Section 4(i) of the settlement agreement, both an interest in Defendant Inskeep's profits *and* a membership interest in SBLLC. Doc. 36 at 22−23. This Court need not determine whether this interpretation results in the best reading of the two agreements on a Rule 12(b)(6) motion. This Court must look at this stage of the litigation to whether Plaintiff has alleged factual allegations which, if assumed true, prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of having violated Plaintiff's membership rights and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319.

The settlement agreement states that "*Patty shall be awarded ten percent (10%) of Bill's interest in that LLC* [SBLLC] *and share in ten percent (10%) of all of Bill's profits, distributions, salary, assets, and any other compensation of any kind Bill may receive from Sustainable Bioproducts LLC.*" Doc. 12-1 at 5 (emphasis added). Plaintiff alleges that the business agreement sought to implement the settlement agreement's distribution by awarding her 10% of Defendant Inskeep's membership interest in SBLLC. Plaintiff alleges that the operating agreement entitles Plaintiff to an accounting should SBLCC be dissolved by operation of law. Doc. 36 at 23. Plaintiff alleges that the Montana Secretary of State dissolved SBLLC in 2010 and that the Defendants have failed to provide Plaintiff with the required accounting or notice of any kind. *Id*. at 9.

8

When assumed true, these factual allegations prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of violation of member rights and the grounds on which it rests.  *See Tellabs*, 551 U.S. at 319.  Once again, Plaintiff adequately has pleaded Count 4, and this Court denies Moving Defendants' motion to dismiss as it relates to Count 4.

    **c.**    **Count 5—Interference with Secured Interest.**

Plaintiff alleges that she possesses a membership interest in SBLLC equal to 10% of Defendant Inskeep's membership interest.  Doc. 36 at 18.  Plaintiff alleges that she possesses a security interest in Defendant Inskeep's remaining membership interest in SBLCC.  *Id*.  She further alleges that she perfected that interest with the Montana Secretary of State.  *Id*. at 9.

Plaintiff claims that Moving Defendants interfered with her secured interest when they failed to provide Plaintiff with notice and an accounting when they transferred Defendant Inskeep's interest from SBLLC through the various corporations to Fynder.  *Id*. at 26.  When assumed true, these factual allegations once again prove sufficient at this stage of the litigation to provide Moving Defendants with fair notice of Plaintiff's claim of interference with a secured interest and the grounds on which it rests.  *See Tellabs*, 551 U.S. at 319.  Consequently, Plaintiff adequately has pleaded Count 5, and the Court denies Moving Defendants' motion to dismiss as it relates to Count 5.

### d. Count 8—Breach of Fiduciary Duty.

Plaintiff alleges that she possessed a membership interest in SBLLC, and, therefore, Moving Defendants owe her fiduciary duties of loyalty and care under Mont. Code Ann. § 35-8-310.  Doc. 36 at 32.  Plaintiff also alleges that Moving Defendants violated those duties by failing to provide Plaintiff with notice while simultaneously representing that the business was unlikely to be successful.  *Id*. at 34−35.  The alleged lack of notice includes the following: (1) SBLLC's dissolution; (2) the various asset transfers from SBLLC to Fynder; and (3) the $33 million in new investments.  *Id*.

This Court determined in subsection III(b) that Plaintiff sufficiently alleges that she owns a membership interest in SBLLC pursuant to the settlement agreement and the business agreement.  When assumed true, the factual allegations that Moving Defendants violated the fiduciary duties owed to Plaintiff prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of breach of fiduciary duty and the grounds on which it rests.  *See Tellabs*, 551 U.S. at 319.  Consequently, Plaintiff adequately has pleaded Count 8 and the Court denies Moving Defendants' motion to dismiss as it relates to Count 8.

### e. Count 9—Aiding and Abetting Breach of Fiduciary Duty.

Plaintiff alleges that Moving Defendants aided and abetted Defendant Inskeep in violating fiduciary duties owed to Plaintiff.  Specifically, Plaintiff

alleges the following: (1) that Defendant Inskeep owed duties of loyalty and care to Plaintiff under Mont. Code Ann. § 35-8-310, because Plaintiff received a membership interest in SBLCC from the settlement agreement and the business agreement; (2) that Defendant Inskeep breached those duties by, among other things, failing to disclose information related to investment infusions and other financial decisions that affect Plaintiff's interest; (3) that Moving Defendants knowingly participated in those breaches; and (4) that Plaintiff suffered harmed as a result of a concerted effort between Defendant Inskeep and Moving Defendants. Doc. 36 at 36.

When assumed true, these factual allegations prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of aiding and abetting breach of fiduciary duty and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiff adequately has pleaded Count 9 and the Court denies Moving Defendants' motion to dismiss as it relates to Count 9.

 **f.**  **Count 12—Fraudulent Transfer.**

Plaintiff alleges the various asset transfers conducted by Defendant Inskeep and Moving Defendants constitute fraudulent transfers under the Uniform Fraudulent Transfer Act and Mont. Code Ann. § 31-2-326. Doc. 36 at 40−41. Specifically, Plaintiff alleges (1) that Plaintiff qualifies as a secured creditor of Defendant Inskeep and Moving Defendants; (2) that Moving Defendants

Case 2:20-cv-00020-BMM Document 50 Filed 09/29/20 Page 12 of 12

transferred between various LLCs the assets in which Plaintiff possesses a secured interest; (3) that Moving Defendants made those transfers with the intent to hinder, delay, or defraud Plaintiff; and (4) that those transfers inhibited Defendant Inskeep from performing his obligations under the settlement agreement and the business agreement. *Id*. at 41. When assumed true, these factual allegations prove sufficient to provide Moving Defendants fair notice of Plaintiff's claim of fraudulent transfers and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiff adequately has pleaded Count 12 and the Court denies Moving Defendants' motion to dismiss as it relates to Count 12.

## ORDER

Accordingly, **IT IS ORDERED** that the Motion to Dismiss (Doc. 10) is **DENIED**.

DATED this 29th day of September, 2020.

_____
Brian Morris, Chief District Judge
United States District Court