**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION**

| | |
|---|---|
| PATRICIA McGOWN,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM INSKEEP; MARK KOZUBAL; SUSTAINABLE BIOPRODUCTS LLC; SUSTAINABLE BIOPRODUCTS HOLDINGS COMPANY LLC; SUSTAINABLE BIOPRODUCTS INC.; and DOES 1–5,<br><br>        Defendants. | **Cause No. CV-20-20-BU-BMM**<br><br>**Hon. Brian M. Morris**<br><br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

        Pursuant to Rules 5.2(d), (e), and 26(c), F.R.Civ.P., and Local Rules 5.2 and 26.4, the parties in the above-captioned matter jointly stipulate to the entry of this Amended Stipulated Protective Order.

        In order to preserve and maintain the confidentiality of certain sensitive information, documents, and other things that have been or will be identified and produced in this lawsuit, including but not limited to documents received from third

parties in response to subpoenas *duces tecum*, the parties ask the Court to enter this Protective Order based on the following agreements, terms and conditions:

1.      This case may require the disclosure and use of documents or other information which one or more parties to this litigation, or a producing non-party, may consider to be confidential or which may contain protected information.

2.      Any party producing documents in this case, whether formally or informally, may in good faith designate and mark documents as "confidential" based upon a reasonable belief the documents should be afforded protection within the meaning of Rule 26(c)(1) ), F.R.Civ.P. Examples of the types of information and documents which may be properly considered and treated as "confidential" include but are not limited to:

      A.    Tax returns or financial statements of a party;

      B.    Documents or information about capital transactions and equity ownership of the corporate defendants;

      C.    Documents or information concerning a party's business plan or projections of sales, revenues, expenses, product development or otherwise;

      D.    Documents or information that constitute, describe, or reflect a party's proprietary or trade secret processes or information;

      E.    Documents or information describing or revealing a party's

confidential business relationships with others;

F.      Documents or information that is designated or treated as confidential by an existing contract or agreement; or

G.      Other information about a party or its business or affairs that is not public and which might give competitors an unfair insight or other advantage.

3.      A party desiring to designate documents or materials as confidential shall stamp each page with a "confidential" stamp prior to production in a manner that will not interfere with the legibility of the document. Any documents produced with that designation (including any physical or digital copies of the same, regardless of format) shall, unless challenged pursuant to Paragraph 13 below, be treated as "confidential" under this Order.

4.      Any confidentiality designation that is inadvertently omitted during document production may be corrected retroactively without waiving any claim of confidentiality by providing reasonably prompt written notification to counsel for the non-designating parties, provided that any good faith disclosure prior to the receipt of such notification shall not be treated as a violation of this Order by virtue of such retroactive notification. In the event of an inadvertent disclosure of information without the appropriate designation, the designating party shall promptly provide counsel a replacement copy of the information containing the

appropriate designation. The non-designating party then must immediately return or destroy the original unmarked copies.

5.      In the event any party serves a subpoena upon any non-party (i.e., a person or entity who is not a party to this action) commanding production of documents, electronic information, or other materials, the following provisions shall apply:

A.      Any such subpoena shall be served and notice provided in accordance with the requirements and procedures set forth in Rule 45, F.R.Civ.P.

B.      The non-party subpoena recipient shall have the same rights as parties to designate documents as confidential under this Order by stamping the documents "confidential" as described in Paragraph 3 above, subject to the parties' right to object and seek a determination of confidentiality by the Court pursuant to Paragraph 13 below.

C.      Promptly after receipt of documents or information from the third-party subpoena recipient, the propounding party shall bates stamp the documents with identifying numbers (if the documents were not so stamped by the third-party subpoena recipient), and shall provide copies to all of the other parties in

this matter.

D.     All parties (including the propounding party and all of the parties who receive a copy of the documents) shall maintain and treat such documents as "confidential" under this Order until it is determined they are not confidential by operation of Paragraph 5.E below, by agreement, or by order of the Court.

E.     Each of the parties shall have fourteen (14) days after service of the copies of the subpoenaed documents pursuant to Paragraph 5.C above, to designate documents or portions of the documents as "confidential," to the extent they have not been designated as confidential by the third-party subpoena recipient. Any party desiring to do so shall follow the procedure set forth in Paragraph 3 above, *i.e.,* stamp each page which is claimed to be confidential with a "confidential" stamp, and produce stamped copies of the documents to all other parties.

F.     Any page or document which is timely stamped "confidential" and reproduced to the other parties as provided herein shall be subject to all of the terms of this Order, including but not limited to the obligations to limit usage and dissemination of that material (Paragraph 6 below) and the right to challenge the

designation as "confidential" (Paragraph 13 below). Any page
or document which is not timely stamped "confidential" and
reproduced to the other parties as provided herein shall be
deemed to not be confidential.

G.    Nothing in this Paragraph 5 is intended to modify or limit the
rights and procedures set forth in Rule 45 concerning
propounding, objecting to, and/or responding to a subpoenas
*duces tecum*, provided that, before filing any objection or
moving to quash any subpoena *duces tecum* on the grounds that
it seeks private, sensitive or otherwise confidential information,
counsel should consider whether those concerns can be resolved
by invoking the procedures and protections of this Order.

6.    All documents treated as "confidential" under this Order and all
information contained therein shall be used solely for the purpose of this litigation,
including any appeal therefrom, and only as expressly provided herein. Each
person to whom any documents treated as "confidential" under this Order have
been revealed shall not, directly or indirectly, use, disclose, or disseminate, or
attempt to use, disclose, or disseminate, any of the information contained therein
except as expressly provided herein.  Except as otherwise expressly provided
herein or ordered by the Court, "confidential" documents and the information

contained therein may be revealed only as follows:

A.  To counsel of record and counsel's partners, associates, staff, assistants, and other employees involved in this action;

B.  To the parties and the managers, directors, officers, agents and employees of a party;

C.  Agents and representatives of insurers involved in this case;

D.  To the Court and its personnel, under seal, pursuant to Local Rule 5.2(b)(1) and (c);

E.  To contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

F.  Expert witnesses or expert consultants as is reasonably necessitated by the needs of the case. Before any party or counsel discloses confidential materials to an expert witness or retained consultant, however, counsel shall apprise the expert or consultant of the confidential nature of the documents and obtain from the expert or consultant a signed writing acknowledging receipt of a copy of this Order and committing to abide by its terms.

G.     Lay witnesses as is reasonably necessitated by the needs of the case. Before disclosing any confidential information to a lay witness, counsel shall attempt to obtain a signed writing acknowledging receipt of a copy of this Order and committing to abide by its terms, but recognizing that counsel has no control over certain lay witnesses, refusal of the lay witness to sign such a document shall not prevent disclosure to the lay witness, if, in the reasonable judgment of counsel, the material must be provided to the lay witness in the course of the prosecution or defense of claims in this case;

H.     To the author or an original recipient of the document (not including a person who received the document in the course of this case);

I.     To stenographers and court reporters in connection with the recording of sworn testimony; and

J.     Pursuant to Paragraph 8 below, to other persons only by written consent of the producing party and/or the party claiming confidentiality, or upon order of the Court and on such conditions as may be agreed or ordered.

7.     The contents of, or materials derived or obtained from, documents

treated as "confidential" under this Order shall not be further disseminated by anybody entitled to receive such materials, including the parties or their agents, counsel, or independent expert(s) and consultant(s), except as provided herein.

8.      In the event a party seeks permission to reveal any document treated as "confidential" under this Order or any information contained therein to any person other than those persons listed in Paragraph 6 above, the party shall, in the first instance, seek a stipulation from counsel. In the event of a negative response, or no response after five (5) days (or sooner in an emergency), the requesting party may apply to the Court for such permission.

9.      If any document treated as "confidential" under this Order or any information contained therein is to be discussed or disclosed during a deposition, any person not listed in Paragraph 6 above shall be excluded from attendance at the deposition, during the time the confidential information is to be discussed. Confidential material, including, without limitation, documents, data or oral or written testimony, disclosed during any deposition may be designated as "confidential" and subject to this Order by that party as confidential by indicating on the record at the deposition that the material is confidential and subject to the provisions of the Order.  A party may also designate material disclosed at any deposition as "confidential" and subject to this Order by notifying the opposing party in writing, within thirty (30) days of receipt of the full and complete

transcript, of the specific pages and lines of the transcript which are confidential. Parties will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as confidential pending the deadline or, if applicable, any mutually agreed-upon extended deadline for designation.

10.     Within thirty (30) days of the conclusion of this case, counsel and the parties shall, except as provided elsewhere in this Paragraph 10, destroy all originals and reproductions, including both hard copies and electronic versions, of:

        A.     Any document treated as "confidential" under this Order or any information contained therein;

        B.     Any originals or reproductions of portions of deposition transcripts designated by a party as "confidential"; and

        C.     All writings, recordings, and photographs of whatever kind or description which reveal any of the contents of confidential documents.

Notwithstanding the foregoing, counsel may retain: (1) attorney work product, including any index that refers or relates to designated confidential information so long as that work product does not duplicate verbatim substantial portions of confidential documents and does not contain protected health information; and (2) one complete set of all documents filed with the Court, including those filed under seal.

Upon request after the conclusion of the case, counsel shall confirm in a signed writing that: counsel has complied with this Order; that counsel has advised the client(s) and expert(s) to comply with this Paragraph; and that, to the best of counsel's knowledge, the client(s) and the expert(s) have done so.

11.     Insofar as the provisions of the Order restrict the communication and use of the materials produced or exchanged in this case, such restrictions shall continue to be binding after the conclusion of this case except that, upon notice to the interested parties, a party may seek a Court Order affording an exception to or relief from this Order, for good cause shown. Any attorney may use his or her work product in subsequent litigation, provided that its use does not disclose confidential information.

12.     The following information shall not be deemed or designated confidential, absent agreement by all parties:

> A.     Information that is otherwise available to the public from a publicly accessible source; and

> B.     Any other information for which the Court determines there is not good cause to consider and treat it as confidential.

13.     A party may in good faith challenge the designation of any document or part of a document as "confidential" by providing notice of such challenge to the designating party based upon a reasonable belief that the document(s) should

not be afforded protection with the meaning of Rule 26(c)(1), F.R.Civ.P. After receiving notice that a designation is challenged, the designating party may seek a protective order from the Court within fourteen (14) days, if the dispute cannot be resolved between counsel. The burden of proving that the information has been properly designated as confidential is on the person or entity that originally designated the document as "confidential."

14.     If documents marked "confidential" are deemed to be not confidential by operation of Paragraph 13, by other Order of the Court, or by agreement of the parties, the producing party shall promptly produce replacement copies omitting the confidentiality designation.

15.     Nothing in this Order limits a party's disclosure or use of its own information designated as "confidential."

16.     Nothing herein shall constitute a waiver of the parties' rights to argue for confidentiality or immunity against production as may otherwise be provided by the law or to seek further protection under Rule 26, F.R.Civ.P. This Order does not prevent any party or non-party from objecting to discovery that the responding party or non-party believes is improper. Neither should this Order be construed as a determination that any particular document or material is entitled to protection under Rule 26(c), F.R.Civ.P., or otherwise exempt from production.

17.     Nothing herein shall prohibit the use, or affect the admissibility, of

any documents and information for purposes of this case in submissions to the Court or in argument or examination of witnesses in hearings or at trial. Neither does this Order limit the right of any party to object to admission of evidence on any grounds recognized by law or the rules of evidence. Any party that anticipates using confidential documents and information at a hearing or at trial shall notify the Court and the other parties so that the Court can issue such orders as may be necessary to govern the use of such documents and information.

18.     Each document treated as "confidential" under this Order or referencing such information filed with the Court shall, pursuant to Local Rule 5.2(b)(1) and (c), be filed:

    A.     Conventionally, in a sealed envelope or other appropriate sealed container on which shall be set forth the date, the title and number of this action, and the words "Filing Under Seal Pursuant to Stipulated Protective Order (Doc. ___)" clearly printed on the envelope or container; or

    B.     Electronically, following the directions of the clerk's office, lodging the document under seal, and serving the document on all other parties by conventional means.

19.     All parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be

made public contemporaneously with the Court's ruling on the issue.

20.     Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any document treated as "confidential" under this Order or any information contained therein.

21.     Any party may move the Court to modify this Order for good cause. The parties, by their undersigned counsel, stipulate and consent to the entry of this Order.

22.     Any party producing documents in this case, whether formally or informally, may in good faith designate and mark documents as "Confidential: No Copies or Distribution" based upon a reasonable belief that the documents should be afforded protection within the meaning of Rule 26(c)(1), F.R.Civ.P., and which comprise or contain sensitive information that, if intentionally or inadvertently disclosed, could be used by a nonparty to obtain a competitive advantage over the producing party. The parties agree, without limitation, that the following categories of information qualify for the designation "Confidential: No Copies or Distribution":

      A.     Documents or information concerning a party's business plan or projections of sales, revenues, expenses, product development, or otherwise;

      B.     Documents or information that constitute, describe, or reflect a

party's proprietary or trade secret processes or information;

C.      Documents or information describing or revealing a party's

         confidential business relationships with others;

D.      Documents or information that is designated or treated as

         confidential by an existing contract or agreement; and

E.      Other information about a party or its business or affairs that is

         not public and that might give competitors an unfair insight or

         other advantage.

23.     Except as otherwise provided or ordered by the Court, documents

designated "Confidential: No Copies or Distribution" and the information

contained therein shall be produced in hard-copy form, shall be maintained only at

the office of counsel for any non-producing party and no physical or electronic

copies will be made of information so designated absent stipulation or court Order.

A party may in good faith challenge any designation of "Confidential: No Copies

or Distribution"; however, the burden of proving that the information has been

improperly designated remains on the  designating party in the same manner as

provided in paragraph 13 of this Protective Order and the designating party may

seek a protective order regarding information designated as "Confidential: No

Copies or Distribution." The information designated as "Confidential: No Copies

or Distribution" may only be inspected in its flash drive electronic form or in its

hard-copy form and may be revealed only as follows:

A.    To counsel of record and counsel's partners, associates, staff, assistants, and other employees involved in this action;

B.    To the parties and the managers, directors, officers, agents and employees of a party;

C.    To agents and representatives of insurers involved in the case consultants as is reasonably necessitated by the needs of the case. Before any party or counsel discloses confidential materials to an agent or representative of an insurer, however, counsel shall apprise the agent or representative of the confidential nature of the documents and obtain from the agent or representative a signed writing acknowledging receipt of a copy of this Order and committing to abide by its terms.

D.    To the Court and its personnel, under seal, pursuant to Local Rule 5.2(b)(1) and (c);

E.    To expert witnesses or expert consultants as is reasonably necessitated by the needs of the case. Before any party or counsel discloses confidential materials to an expert witness or retained consultant, however, counsel shall apprise the expert or consultant of the confidential nature of the documents and

obtain from the expert or consultant a signed writing

acknowledging receipt of a copy of this Order and committing

to abide by its terms.

F.      To the author or an original recipient of the document (not

including a person who received the document in the course of

this case); and

G.      To stenographers and court reporters in connection with the

recording of sworn testimony.

Documents treated as "Confidential: No Copies or Distribution" may be

produced via flash drive rather than hard-copy form. If documents are produced via

flash drive, counsel may view the files electronically, and may print a hard-copy

from any flash drive for review as provided in this paragraph 23 or filing with the

Court as provided in 25, but shall not save or transfer them to another hard drive or

medium, and shall otherwise treat the documents as provided herein.

24.      Documents designated "Confidential: No Copies or Distribution"

shall be free of redactions, except for those required by Rule 5.2, Fed. R. Civ. P.

25.      If filed, documents treated as "Confidential: No Copies or

Distribution" shall be filed conventionally, in a sealed envelope or other

appropriate sealed container on which shall be set forth the date, the title and

number of this action, and the words "Filing Under Seal Pursuant to Stipulated

Protective Order (Doc. ___)" clearly printed on the envelope or container.

26.     Notwithstanding paragraph 10 of this Protective Order, counsel and the parties shall, within thirty (30) days of the conclusion of this case, destroy all documents treated as "Confidential: No Copies or Distribution," and counsel and the parties may not retain any information so designated, whether or not such documents have been filed with the Court.

27.     Except as otherwise provided in paragraphs 22–26, the paragraphs of this Protective Order pertaining to "confidential" designations (paragraphs 1–21) shall apply equally to "Confidential: No Copies or Distribution" designations.

Dated this 16th day of November, 2020

/s/ Robert K. Baldwin
Robert K. Baldwin
J. Devlan Geddes
Goetz, Baldwin & Geddes, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580

*Attorneys for Defendants Mark Kozubal and
the Entity Defendants*

/s/ Michael G. Black
Michael G. Black
Beck Amsden & Stalpes, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715

/s/ Julieann McGarry
Julieann McGarry
McGarry Law PC
107 East Oak St. #3C
Bozeman, MT 59715

*Attorneys for Plaintiff Patricia McGown*

/s/ James P. Molloy
James P. Molloy
Gallik Bremer & Molloy, P.C.
777 East Main Street, Suite 203
P.O. Box 70
Bozeman, MT 59771-0070

*Attorney for Defendant William Inskeep*

APPROVED AND ADOPTED

Dated this 1st day of December, 2020

_____

Brian Morris, Chief District Judge
United States District Court